**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Lucky29 Liquors, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>Best Aircraft Deals, LLC,<br><br>              Defendant. | Case No. 2:24-cv-00857-APG-MDC<br><br>**ORDER GRANTING MOTION TO WITHDRAW (ECF NO. 56)** |

The Court has reviewed the renewed *Motion to Withdraw as Attorney* (ECF No. 56) ("Motion"). The Court **GRANTS** the Motion for the reasons below.

Attorneys Dustun H. Holmes, Esq. and Ian M. McMenemy, Esq. from McMenemy Holmes PLLC ("McMenemy") request to withdraw as counsel for plaintiff. *ECF No. 56*. The Motion states that Nevada Rule of Professional Conduct 1.16(b)(1) & (5) justify withdrawal. *Id.* at 2. Mr. Holmes further states in a sworn declaration that plaintiff "has not met its financial responsibility owed to [McMenemy]." *ECF No. 56-1*. Counsel also served this Motion on plaintiff, which did not file an opposition.

For good cause shown, the Motion is granted. The Court notes that because plaintiff is a corporate entity, it cannot proceed *pro se* and thus must retain new counsel. *See Reading Inten., Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). The Court orders for defendant to retain new counsel, who shall file a notice of appearance by **June 12, 2026**.

//

//

//

//

//

1

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Withdraw As Attorney* (ECF No. 56) is **GRANTED**.

2. Dustun H. Holmes, Esq. and Ian M. McMenemy, Esq. from McMenemy Holmes PLLC shall be terminated as counsel of record for plaintiff.

3. Plaintiff shall retain new counsel, who must enter a notice of appearance by **June 12, 2026**.

4. If plaintiff fails to comply with this Order, it may be subject to sanctions, including default and recommendation of dismissal of this case.

DATED: May 12, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.