**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lucky29 Liquors, LLC,

              Plaintiff,

vs.

Best Aircraft Deals, LLC,

              Defendant.

Case No. 2:24-cv-00857-APG-MDC

**ORDER RE: MOTION TO EXTEND DEADLINE (ECF NO. 59)**

The Court has reviewed defendant's *Ex Parte Motion to Extend Deadline to File Joint Pretrial Order* at ECF No. 59 ("Motion to Extend"). Local Rule ("LR") IA 7-2(b) prohibits parties from making ex parte filings or communications unless a party can provide authority or rule allowing such ex parte filing. Defendant does not provide any such authority in its Motion to Extend. However, defendant separately filed a Certificate of Service (ECF No. 60), indicating that it served a copy of its motion upon plaintiff, thus, remedying the ex parte communication. Defendant is cautioned that in the future it must comply with LR IA 7-2(b). In the meantime, the Court will unseal the Motion to Extend.

In the Motion to Extend, defendant requests a 60-day continuance to the June 29, 2026, deadline for the parties to file a Joint Pretrial Order. *ECF No. 59*. Defendant also states that plaintiff, who is a fictitious entity, has not obtained substitute counsel. *Id.* On May 12, 2026, the Court entered an order ("05/12/2026 Order") allowing plaintiff's then counsel of record to withdraw and ordering plaintiff to file a Notice of Substitute Counsel by June 12, 2026. *ECF No. 58.* The Court informed plaintiff that it could not proceed without counsel because it is a fictitious entity. *Id.* The Court has reviewed the docket and finds that plaintiff has not complied with the Court's 05/12/2026 Order.

//

//

//

1

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defendant's *Ex Parte Motion to Extend Deadline to File Joint Pretrial Order* (ECF No. 59) is **GRANTED**. The parties shall file a joint pretrial order by **August 31, 2026**.

2. The Clerk of Court is kindly directed to **UNSEAL** Defendant's *Ex Parte Motion to Extend Deadline to File Joint Pretrial Order* (ECF No. 59).

3. Plaintiff shall file by **July 31, 2026**, either a Notice of Appearance of counsel for plaintiff, or otherwise a statement showing efforts to obtain new counsel. Plaintiff is cautioned that it may be sanctioned for failing to comply with the Court's orders, including entry of default judgment against plaintiff.

DATED: June 30, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.